WILLIS STANLEY, Plaintiff, Appellee, v. CHARLES B. TAYLOR, Defendant, Appellant.

**Physicians:** MALPRACTICE: CONFLICTING INSTRUCTIONS. Where the jury was charged in an action for malpractice, following an instruction setting out the particular grounds of negligence relied upon, that the plaintiff must establish by a preponderance of the evidence the material allegations of his petition, which would be afterward explained, and the only subsequent explanation was that the plaintiff must show that defendant did not use ordinary care and skill in his treatment, no conflict was thus presented in the instructions likely to confuse and mislead the jury.

**Evidence:** EXPERT TESTIMONY: INSTRUCTION: PREJUDICE. The jury is not to determine the materiality of facts detailed in hypothetical questions propounded to an expert, and should not be so instructed; as this is a matter for the court to pass upon. And where the jury was thus erroneously instructed prejudice will be presumed, regardless of whether the answer of the witness was favorable to the appellant.

Malpractice: DAMAGES: PAIN AND SUFFERING. Where it appeared that pain and suffering followed defendant's treatment of plaintiff, it was for the jury to say whether it was the result of defendant's negligence, and if so, it was an element of damage.

Same: DAMAGES: EVIDENCE. Evidence tending to show that plaintiff's ability to attend to his business was impaired, because of his imperfect recovery from his injury, was competent as bearing on his decreased earning capacity, but not as a basis for computing damages.

*Appeal from Keokuk District Court.*—HON. B. W. PRESTON, Judge.

SATURDAY, JUNE 7, 1913.

ACTION for damages for alleged malpractice. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*Wade, Dutcher & Davis* and *D. W. Hamilton,* for appellant.

*Ely & Bush* and *H. F. Wagner,* for appellee.

WITHROW, J.—Defendant (appellant) as a practicing surgeon was called upon to treat the appellee for injuries to his limb, resulting in an oblique fracture of the bone of his right leg above the knee. Appellee charges that in the treatment of such injury appellant was negligent in undertaking to set the limb without assistance; in failing to place the broken ends of the bone in proper position; in failing to put appellee in a proper bed, or in a proper position in bed, or to properly support his weight, so that the broken bone could remain in proper position, but placed him in a bed with springs, which sagged, preventing the broken ends of the bone from remaining in proper position; in failing

to properly apply extension and counter extension; in failing to use appliances to prevent the upper part of the limb from being drawn by the extension applied to the lower part; in failing to properly examine the limb while treating it, or to take necessary steps to determine if it was properly set, and allowed the ends of the broken bone to overlap about three inches, and there unite; and in putting plaintiff's foot in such a position in the splint as to cause it to blister and become painful. Plaintiff says that no negligence of his contributed to the results of which complaint is made.

I. Error is charged in submitting to the jury in instruction No. 1 claims of negligence which there is no evidence to support. The record discloses evidence tending to support every ground of negligence plead. True, as to some one or more, it may not have been strong, but it was evidence upon which plaintiff had the right to go to the jury, and upon which it was the duty of the trial court to instruct. The instructions as to the various grounds of negligence charged were presented by a substantial reproduction of the petition. In this there was no error.

II. Instructions Nos. 1, 2, and 5 are claimed to be in conflict. No. 1 has been noted. In instruction No. 2 the jury were told that, under the issues raised by the petition and answer, to entitle him to recover "the plaintiff must establish by the preponderance of the evidence the material allegations of his petition, which will be hereinafter explained to you."

1. PHYSICIANS: malpractice: conflicting instructions.

The only explanation afterwards made was in instruction No. 5, which in a general way advised the jury that to recover plaintiff must show that the defendant did not with ordinary care and skill reduce the fracture, nor so treat him. While perhaps a better practice would be, after stating the claims of the parties, to definitely give to the jury the particular grounds of negligence submitted to them, we cannot say that in not so doing, in this case, there was error.

The particular acts of negligence had been stated. They were not limited by anything the trial court subsequently said in its instructions, and No. 5 may well be taken as given with reference to the acts of negligence alleged. While perhaps lacking in definiteness, the three instructions, when taken together, were not misleading or confusing.

· III. In instruction No. 14, being upon the subject of hypothetical questions propounded to expert witnesses, the trial court stated to the jury the following as the guiding rule: "If the facts stated and assumed as a basis for the hypothetical question propounded to the medical experts are not substantially correct, or if it turns out that the hypothetical statement of the facts contained in the question is in material and important particulars incorrect, unfair, partial, and untrue, as shown by the evidence introduced on the trial, then the opinions given by the experts, based upon such assumed state of facts, are entitled to no weight, and in that case you should attach no weight to such opinions." This instruction is claimed to be erroneous, and in harmony with our recent cases we are bound to hold that it is, although in our earlier case of *Bever v. Spangler*, 93 Iowa, 611, an offered instruction, in language almost identical with this instruction, was approved. The particular fault in the question is that it allows the jury to determine the materiality of certain assumed facts incorporated in the hypothetical question, while the rule as to this, as well as to all other classes of testimony, is that its materiality must be determined by the court, its weight and credibility by the jury. In the light of our frequent recent holdings upon this question, it is unnecessary to enter upon a further discussion of the proposition. See *Kirsher v. Kirsher*, 120 Iowa, 337; *Stutsman v. Sharpless*, 125 Iowa, 337; *Ball v. Skinner*, 134 Iowa, 298.

Appellee contends that, if error was committed in the

2. Evidence: expert testimony: instruction: prejudice.

respect charged it was without prejudice, for the reason that no expert witnesses answered hypothetical questions; and further that the answers being favorable to appellant, were harmless in error.    An examination of the record shows that questions of the character treated in the instruction were answered by two or more medical witnesses presented as experts, and that contention is without merit.    Whether the answers to the questions were favorable or unfavorable to appellant is not controlling.    Where error is shown, it will be presumed to be prejudicial, unless the contrary appears. We cannot assume to what extent the jury may have gone under the instruction in considering as immaterial any of the presumed facts included in it; nor can we assume whether under such guidance they accepted or rejected the testimony of the experts.    While the answers were favorable to appellant's contention, it cannot be determined whether in the end they were so considered by the jury.

IV.    The fourth error charged is in the refusal of the trial court to grant a new trial on the grounds that the verdict was contrary to the instructions.    We do not, upon a review of the record, find that this ground of error has support.    The facts in dispute were many; the admitted or fully established facts were not such as to require under the instructions a different finding.

V.    Error is urged against the instruction stating the measure of damages, particularly as bearing upon the question of pain and suffering, and the lessening of plaintiff's earning capacity.    There was evidence which showed pain and suffering which followed appellant's treatment of the limb, whether resulting from negligent treatment and therefore avoidable, being for the jury to determine.    Likewise, the entire record shows a condition which, if the result of negligence of the appellant, was proper to be considered as showing pain and suffering, present and future.

3.  MALPRACTICE:
    damages:  pain
    and suffering.

The extent, if any, in which his ability to attend to his business was impaired was properly submitted. The jury was properly advised that evidence which tended to show plaintiff's services as a manager of his business should not be considered as a basis for computing damages, but only as a circumstance bearing on a lessening of his earning capacity. The evidence upon this question having been admitted, it was proper for the trial court in its instructions to limit the purpose for which it should be considered, and in so doing no error was committed.

4. SAME: damages: evidence.

Because of the error in giving instruction No. 14, the judgment is *Reversed.*

PRESTON, J., took no part.